ALITO, Circuit Judge,
concurring.
I concur in the judgment, and I join those parts of Judge Roth’s opinion that constitute an opinion of the in bane court, i.e., parts I, II, V, and VI. I do not join part IV of Judge Roth’s opinion. While the discussion of the “continuity” requirement in part IV of Judge Roth’s opinion is a welcome step away from the approach taken in some of this court’s prior decisions, I do not agree with certain portions of that discussion. I set out my understanding of the concept of “continuity” in Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1419-26 (3d Cir.1991) (Alito, J., concurring and dissenting), and pursuant to that analysis, I think that closed-ended continuity was sufficiently established here to defeat summary judgment. My principal points of disagreement with the discussion in part IV of Judge Roth’s opinion are as follows.
First, I do not agree with the intimation (Typescript at 1293) that closed-ended continuity requires activity lasting years. See Kehr Packages, Inc., 926 F.2d at 1421-22 (Alito, J., concurring and dissenting).
Second, I do not agree with the suggestion {Typescript at 1295) that a plaintiff who establishes “closed-ended continuity” may also be required to show that the predicate acts were part of the defendant’s regular way of conducting its business. I see no support for this requirement in the language of the RICO statute or relevant Supreme Court decisions.
Third, I do not agree that, in a RICO case based on mail fraud predicates, we must in determining continuity “focus on the underlying fraudulent activity, rather than on the otherwise innocent mailings.” (Typescript at 1295-96.) In my view, we must focus on the duration of the predicate violations. See Kehr Packages, Inc., 926 F.2d at 1422-23 (Alito, J., concurring and dissenting).
Finally, I do not think that the Barticheck factors should be considered except to the extent that they have some logical bearing on “relatedness” or “continuity.” See Kehr Packages, 926 F.2d at 1421 (Alito, J., concurring and dissenting).